ANDREW A. MOORE v. C. M. MEEK.

1. PRACTICE; *Nunc pro tunc Orders.* A *nunc pro tunc* order is made to subserve the purposes of justice, but never to do injustice.

2. ——— *Right of Redemption.* After a sale of real estate under an order of sale, and the return thereof made, the plaintiff moved the court for a *nunc pro tunc* order to make the judgment show that the interest of

10—8TH KAS.

defendants is foreclosed and all right of redemption barred; *held*, that the court correctly refused to make the order.

8. ———— *A party having no interest in a proceeding has no right to object.* Where the sale is for more than enough to satisfy the judgment and costs, and is confirmed, the plaintiff (not being the purchaser) is not interested in the decision of the question whether the property sold can be redeemed or not, and has no right to object to the decision of that question one way or the other.

## *Error from Douglas District Court.*

JUDGMENT of foreclosure and sale had been entered in an action wherein *Andrew A. Moore* was plaintiff, and *C. M. Meek* and others were defendants. The mortgaged premises were sold under the judgment, and were struck off to Ann Smith. Upon return being made by the sheriff, and pending the motion to confirm the sale, *Moore* moved for an order to correct the judgment, to be entered *nunc pro tunc.* The facts are fully stated in the opinion. The motion being overruled, *Moore* excepted, and brings the case here on error.

*Thacher & Banks,* for plaintiff in error:

1. The district court has "power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made, * * * For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment, or order." Code, § 568. And the motion may be made at any time within three years. Code, § 575.

The record shows an omission in the entry of the decree in the particulars complained of. It will be presumed that the court ordered such judgment as the record which was before it showed the party entitled to. The answer having been withdrawn, the defendants were in default. In such case "the allegations of the petition must be taken as true." Code, § 128. The petition alleged a waiver of the right to redeem the mortgaged property, and asked for a decree of sale and of foreclosure against the defendants. This entitled plaintiff to a decree of foreclosure and of *absolute sale* of the mortgaged premises, and the court must be presumed to have given such

decree. The fact that the clerk did not enter such decree, is conclusive evidence of clerical error and omission.

The record is the only evidence admissible on the motion. The code prescribes the proceedings in applications to have the court modify its own orders; §§ 569, 570. The last section points out the only cases wherein an affidavit or petition is necessary: (Gen. Stat., 743.) This case is not one of them. It does not matter whether the *mistake* actually occurred through the attorney or clerk; either under the law is a subject of relief. 3 Johns., 526. But the presumption is that the omission was an omission of the clerk. There is nothing in the record showing otherwise.

2. But if the court should find that no order relative the redemption is necessary, then we insist that the court below erred in ordering that a " certificate " issue. The certificate mentioned in the order is the certificate authorized to be issued by the sheriff in cases where the defendants have the right of redemption.

The code expressly provides that "if the court, upon the return of any writ, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has in all respects been made in conformity, etc., *the court shall direct the clerk* to make an entry on the journal that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser *a deed* for such lands and tenements. Gen. Stat 717, § 458.

At the time the mortgage was executed the redemption law (by amendment of 1867,) contained a provision that the rights thereunder might be waived in writing, etc. The record in the case shows that the waiver contemplated by the law had been by defendants in error entered into in writing.

Nothing appearing in the record authorizing it, and the record containing the whole proceedings in the cases, the order of the court that a " certificate " issue was error. The court had no power thus to enjoin the issuance of the *deed* to which the purchaser was entitled under the law.

*Hutchings & Brown,* for defendants in error:

1. The court will not go back of the judgment to ascertain whether it was such a one as should have been rendered. It will presume that the plaintiff took such judgment as he was entitled to, and the case justified, and will not review the judgment entered in the court below without any exceptions being taken.

The plaintiff's petition is not a part of the judgment, and the court having found the facts in the case it is presumed that all were found which were true and not waived.

2. The motion to amend the judgment was properly overruled, because it asked that the judgment be changed *in a matter of substance,* and not for the correction of a mere clerical error or irregularity. After the term at which it was rendered, it could only be amended in matter of form. 1 Ohio, 375; 3 id., 487.

3. The plaintiff having caused the sale of defendant's premises under the judgment as originally entered, giving the right of redemption, could not have the judgment subsequently changed so as to cut off that right, for the sale would be made under one judgment and the confirmation under another. The property would have sold for more under the judgment where no redemption was allowed. The plaintiff having taken the judgment in his own favor, and ordered the sale of the premises, is estopped from claiming any error in his own proceedings.

4. But the land has been sold for the full amount of the judgment, which satisfied the plaintiff's claim. Hence if there were errors in the rulings of the court below, they would not be regarded, the plaintiff not being prejudiced. Code, § 304; 2 Kas., 490.

The opinion of the court was delivered by

KINGMAN, C. J.: The facts necessary to understand the decision in this case are as follows: The note on which suit was brought was dated April 30, 1867, and was due in six months from date. The note was secured by a mortgage. The petition alleged a

waiver in the mortgage of the right of redemption in pursuance of the law which went into effect just before the execution of the mortgage. An answer was filed, which, when the case was called for trial, was withdrawn, and the plaintiff took his judgment, which was for the money due and costs, and an order for the sale of the premises mortgaged to pay the judgment. The premises were sold, and due return of the sale was made to the court. At this point in the proceedings, the plaintiff (who is plaintiff in error,) at the April Term, 1869, moved the court for an order of the court to correct *nunc pro tunc* the original judgment rendered at the November Term, 1868, so that the same should be, " that the defendants and each of them should be forever barred and foreclosed of any and all right of redemption in and to the said mortgaged premises, and that a deed to the same be made to the purchaser thereof by the sheriff." The court, "having heard the proofs and papers in the case," overruled the motion, to which plaintiff excepted. At a subsequent day of the term the sale was confirmed, and the sheriff ordered to make to the purchaser, Ann Smith, a certificate of sale. The plaintiff excepted to so much of the order as directed the certificate to issue. The sale was for $652.24, a sum greater than the judgment and costs of sale.

The plaintiff in error claims, first, that it was error to refuse to correct the judgment entry as requested; and second, that the purchaser was entitled to a deed on the sheriff's sale without such order. If the second objection be tenable, then it is manifest there was no error in the first to the prejudice of any one. The correctness of the decision however does not depend upon a conclusion wrenched from the arguments of plaintiff in error.

A *nunc pro tunc* order is made to subserve the purposes of justice, but *never* to do injustice: 2 Bouvier, 247. Let us see how the rule would affect this case: We will consider the case as though the mortgage authorized the allegation in the petition, as to the waiver of the right of redemption, and that the plaintiff was entitled to have had the judgment originally entered as he attempted to have it done by his

1. Nunc pro tunc orders; when made.

motion, and that a refusal to so enter the judgment at the time would have been such error as this court would have corrected on review. Still, it does not follow that it was error to refuse to correct it when the motion was made. Rights had accrued under it, and interests had passed by virtue of it; and if any of these were to be affected prejudicially by granting the motion, then it ought not to have been done. At the time, and under the facts, the right to redeem land sold at sheriff's sale, was the general law. Certain exceptions had been made by a law passed

2. Right of re-demption not barred by nunc pro tunc order.

just before this debt was created. Lands sold subject to redemption would bring less than if sold absolutely, untrammeled by the contingency of being redeemed. The sale was made under a judgment such as was usually rendered when redemption was allowed. The purchaser does not go back of the judgment in his examination of the authority of the sheriff to sell the property, except to see if the court had jurisdiction. The bids are made in view of the judgment as it is; and where the contingency of redemption exists, the bidder bids less than he would if the sale were absolute. Whatever he may have bid less is just what (in his estimation) the right of redemption is worth to the defendants. Having sold the property at the less price, the plaintiff comes into court and asks that the judgment be so amended *nunc pro tunc* as to cut off the right of redemption. This would be a great injustice to the defendants. They were entitled to have their property sold at an increased price, realized from an absolute sale, or, it having been sold at the less price on account of that opportunity having been left open to them, they were entitled to its benefits. To have corrected the judgment at the time the motion was made would have deprived them of both advantages. The motion was rightfully refused.

But was the purchaser entitled to a deed under the facts as shown? For the reason suggested on the first point, we are not inclined to disturb the decision of the court below, unless compelled to do so by the law. In confirming the sale the court is only to "examine the proceedings of the officer;" and if they are found to be in conformity to the law, the sale must

3. A party not interested has no right to object. be confirmed. To the action of the court, so far, no objection is made, and no error is claimed. When the sale is confirmed the plaintiff is entitled to his money, and the sheriff is bound to pay it to him to the extent of his judgment. In this case such payment would satisfy plaintiff's claim and something more. He not being the purchaser has no more interest in the proceedings of the court. Whether the sheriff shall make a deed to the purchaser, or a certificate of sale, is a question in which the purchaser and the defendants are alone interested, and neither of these parties are complaining of the action of the court. If it be said that the court is screening itself behind a technicality, the answer is, that if such is the fact it is in the interest of justice and fair dealing. We are disposed to think the court below decided correctly. We feel sure that the decision was not prejudicial to the rights of the plaintiff in error. Wherefore the decision is affirmed.

VALENTINE, J., concurring.

BREWER, J., not sitting.