No. 35,976

Sam Jones, *Appellee*, v. J. Roy Jones, *Appellant*.

(146 P. 2d 405)

Opinion filed March 4, 1944.

*E. F. Ireland*, of Liberal, argued the cause for the appellant.

*Charles M. Tucker* and *Charles Vance*, both of Liberal, were on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to cancel a deed to real property, to quiet title and for judgment that the plaintiff was the owner of a judgment rendered against both parties to this action jointly in another action to satisfy which the land in question had been sold. Judgment was for the plaintiff. Defendant appeals.

The petition alleged the ownership by the plaintiff of the half section of land in question; that defendant, the son of plaintiff, had been farming it for years under an oral lease; that the parties entered into a written lease; that defendant told plaintiff that the lease had expired and it would be necessary to execute a written one; that defendant presented an instrument to plaintiff, which he represented to be a lease which plaintiff signed believing at that time he was signing a lease, when as a matter of fact he was signing a quit claim deed to the property in question in favor of defendant, and that plaintiff signed the instrument in question relying solely upon representations of the defendant and because of his advanced age and poor eyesight and the confidential relationship which had existed he signed the deed without reading it; that these representations were false and known by defendant to be false and made with intent to deceive the plaintiff. The petition further alleged that on account of the facts pleaded the deed was void and should be canceled and that it was given with no consideration whatever.

For a second cause of action, the petition alleged that plaintiff had signed a note as surety for the defendant; that the note had not been paid; that action had been brought to collect it; that judgment had been rendered thereon and the land in question sold at sheriff's sale for more than enough to satisfy the judgment; that in truth the property was the property of plaintiff in this action and that on account of all the facts alleged he was entitled to be subrogated to the rights of the plaintiff in the action on the note and to recover judgment against the defendant in this action in the sum of $3,800.48, which was the amount for which the land had been sold. The pleadings in the action on the note were made a part of this petition. The prayer was for a decree setting aside the deed, giving plaintiff immediate possession of the property and quieting his title therein as against the defendant and for further judgment against defendant in the sum of $3,800.48.

The defendant demurred to this petition on the ground that it involved two causes of action, one for cancellation of the deed and the other for the recovery of money. and for the further reason that it did not state facts sufficient to constitute a cause of action and that the plaintiff had no legal capacity to sue because all of his rights had been abandoned by laches of the plaintiff and were barred by the statute of limitations. This demurrer was overruled, whereupon the defendant filed a somewhat lengthy answer in which

he denied first all the formal allegations of the petition except that the plaintiff had been the owner of the real property in question for a period of several years prior to the giving of the deed and that the defendant had farmed it under an oral lease. The answer admitted further the action on the promissory note, to which the petition had referred, and that the land had been sold to satisfy that judgment for the sum mentioned. The answer further alleged that the plaintiff had told defendant that he wanted to deed the land to defendant so that if anything happened to him the defendant would have it, and that the defendant had consented to take the land subject to a mortgage and to certain liens, revenues, royalties and income which the deed provided should be paid to plaintiff. The answer to the second cause of action was a denial that the real estate sold on the execution to satisfy the judgment was the property of the plaintiff; that the plaintiff had filed no pleadings in the action on the note and had permitted the judgment to be rendered against both plaintiff and defendant and to become a lien upon the land; that if plaintiff had any right to subrogation or other relief it had been abandoned. The reply of the plaintiff was in effect a general denial. The case was submitted to the court without a jury. At the conclusion of the plaintiff's evidence the defendant demurred to it. This demurrer was overruled. Amongst other things the trial court found that the allegations of plaintiff's petition were true and that he was entitled to judgment as prayed for. Judgment was rendered accordingly and defendant has appealed.

The first error of which the defendant complains is that the court erred in overruling the demurrer to the plaintiff's petition. The defendant argues that the petition did not allege that the plaintiff had paid the judgment to which he had asked to be subrogated and that since this was true plaintiff was not entitled to be subrogated to the rights of the judgment creditor until the debt had been paid and satisfied by the plaintiff. He argues that since this cause of action as stated was not good against defendant it was improperly joined with the first cause of action and the demurrer should have been sustained. This argument is not good. G. S. 1935, 60-601, provides as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all of the parties to the action, except in actions to enforce mortgages or other liens."

There was only one plaintiff and one defendant in this action and it was the duty of plaintiff to assert the cause of action which he had against the defendant.

As to the argument of defendant that the petition did not allege that the judgment had been paid by the plaintiff, the rule as stated in 60 C. J. 720 is as follows:

"It is not necessary that payment be in money; anything accepted by the creditor is sufficient, provided it is actually accepted. However, where the special circumstances of the case demand it, equity has allowed subrogation in cases were a liability only, and not payment, was shown."

In this case the petition alleged that the land had been sold to satisfy the judgment on the note and that it had brought enough to satisfy that judgment and a little more. In such a situation the debt had been paid. See *Moore v. Meek*, 8 Kan. 153. See, also, G. S. 1935, 60-3437, which provides as follows:

"When property liable to an execution against several persons is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays without a sale more than his proportion, he may compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them as security for another, and the surety pays the amount or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal."

If the petition in the first cause of action was good then the land that has been sold was the land of the plaintiff in this case. Certainly the plaintiff is entitled to be subrogated to the rights of the former plaintiff in the judgment on the note. The demurrer was properly overruled.

Defendant next argues that the court erred in overruling his demurrer to the plaintiff's evidence. In this argument the defendant points out some inconsistencies in the testimony of the plaintiff, his father. What the argument really amounts to is a request that we review this evidence as it is in the record here and reach a different conclusion upon it than was reached by the trial court. This we cannot do. It was the duty of the trial court to hear this evidence. While apparently there were some slight inconsistencies in the testimony of the father, he was eighty years old and it would not be at all remarkable if he should make some inconsistent statements. At any rate, the trial court had an opportunity to see the old gentleman and the other witnesses as well. It was the trial court's duty to draw whatever inferences were proper from the testimony of the witnesses.

On the matter of demurrer to the evidence, we must indulge all those inferences in favor of the theory of the prevailing party. It hardly requires a citation of authorities to sustain this position. At any rate, the burden was on the son to prove the bona fides of the transaction. (See *Overstreet v. Beadles,* 151 Kan. 842, 101 P. 2d 874.)

The defendant next argues that the court erred in entering judgment because it was not supported by the evidence and that it was contrary to the evidence and contrary to law. What has just been said with reference to the contention of the defendant that his demurrer to the evidence should have been sustained applies equally to this argument. We have examined the authorities upon which the plaintiff relies and find them to be not in point.

As to the argument that the judgment was contrary to law, the plaintiff alleged and proved that the defendant induced him to sign a deed by telling him it was a lease instead of a deed and that he relied on that. Just how a cause of action to set aside a conveyance could be more clearly stated does not readily appear.

The judgment of the trial court is affirmed.