No. 41,844

C. Wells Haren & Hal H. Laughlin, d/b/a Haren & Laughlin Construction Co., and United States Fidelity & Guaranty Co., a Corporation, *Appellees*, v. Elevator Sales and Service, Inc., a Corporation, *Appellant*.

(351 P. 2d 29)

Opinion filed April 9, 1960.

*Richard J. Croker*, of Kansas City, argued the cause, and *Edw. M. Boddington* and *Edw. M. Boddington, Jr.*, both of Kansas City, and *C. I. Frieze*, of Kansas City, Missouri, were with him on the brief for the appellant.

*Walter Fuller, Jr.*, of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This is an action by the principal and its insurance carrier against the principal's subcontractor for reimbursement of workmen's compensation paid to an injured workman.

The subcontractor appeals from the order overruling its demurrer to the amended petition.

The workman, Walker, has been and is being paid compensation. His rights are not affected by this litigation, and he is not a party to it.

For convenience and clarity, the principal, Haren & Laughlin Construction Co., will be referred to as Haren. The subcontractor, Elevator Sales and Service, Inc., a corporation, will be referred to as Elevator.

From the record of the hearing of June 18, 1957, before the workmen's compensation commissioner, at which claimant, both Haren and Elevator and their insurance carriers, and counsel for all parties, were present, the following appears:

The claimant elected to proceed against Haren, the principal— and Elevator, the subcontractor, was dismissed from the proceeding. The issues were (1) whether the relationship of employer and employee existed, and (2) whether the accident arose out of and in the course of the employment.

The commissioner found that Haren was engaged in the construction of a building. It had entered into a contract with Elevator whereby Elevator was to install an elevator in the building. Claimant had been an employee of Haren for some time and was on its payroll on the date in question, February 26, 1957. The elevator equipment had been sent to the work-site by Elevator, and while being unloaded by claimant and other employees of Haren, pursuant to an agreement between the two concerns, claimant sustained accidental injury when the equipment fell. The commissioner further found that at all times pertinent claimant was an employee of Haren; that at the time of the accident he was performing his duties as a workman for Haren at the direction of its superintendent and foreman, and that the accident arose out of and in the course of his employment with Haren, resulting in total general disability.

Accordingly, in September, 1957, an award was made in favor of claimant and against Haren and its insurance carrier for an indefinite period, not to exceed 415 weeks, payable at the rate of $32 per week until fully paid or until further order of the commissioner. The amount found to be due from March 5, 1957, to September 24, 1957, was ordered paid in one lump sum.

In December, 1957, at a hearing before the commissioner, at which claimant, Haren and its insurance carrier, and counsel, were present, an application for lump-sum payment of the balance of the award was denied. Also, at this hearing, it was found that medical

and hospital expenses in the amount of $3,186.77 had been incurred, and, as they exceeded the statutory maximum of $2,500, were prorated to such amount.

No appeal to the district court was taken by anyone from any of the foregoing findings or award made by the commissioner, and, as heretofore stated, claimant has been and is being paid compensation by Haren's insurance carrier in compliance with the award.

On February 25, 1959, which was one year and five months subsequent to the date of the award, and one day short of two years after the accident, Haren and its insurance carrier commenced this action in the district court against Elevator seeking reimbursement of all sums of money paid under the award.

Highly summarized, the amended petition, in pertinent part, alleges that prior to the date of the accident, February 26, 1957, Elevator had entered into a contract with Haren to supply certain materials and perform work in connection with the installation of elevators in the building being erected by Haren. On the day previous to the accident Elevator had delivered to the work-site by truck certain cases or cartons of elevator parts; that Elevator agreed with Haren, through the latter's agent, Adams, to employ Adams and other men to unload the cases and cartons from the truck; that among the other men employed by Elevator was Walker, the claimant; that while engaged in unloading the material of Elevator Walker was injured, *and that at the time of said injury Walker was an employee of Elevator and was engaged in performing its work.*

The amended petition further alleges that Walker, the claimant, filed a claim for compensation against Haren and its insurance carrier; that Elevator was made a party to the claim for compensation; that during the hearing thereon claimant elected to proceed against Haren only; that an award (as hereinbefore mentioned) was made in favor of claimant and against Haren and its insurance carrier, all of which resulted in the fact that down to the date of filing of the amended petition Haren's insurance carrier had been compelled to pay under the award the sum of $10,280.50, and that by reason thereof, Haren's insurance carrier, is entitled to reimbursement from Elevator of such amount so paid.

Elevator demurred to the amended petition on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and Elevator has appealed.

Although variously stated in the briefs, the question presented narrows down to whether, under the facts related, Haren and its

insurance carrier can now maintain this action against Elevator, the subcontractor, for reimbursement of moneys paid under the compensation award from which no appeal was taken.

Elevator contends that under the compensation law the commissioner is required to find the facts on all issues, including the employment relationship; that the finding and award here being unappealed from became final; that the compensation act provides a complete procedure of its own, and that this action by Haren and its insurance carrier is merely an attempt to relitigate the question of the employment relationship found by the commissioner and which, being unappealed from, became final. (*Hurst v. Independent Construction Co.,* 136 Kan. 583, 16 P. 2d 540; *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P. 2d 456, 127 A. L. R. 461; *Anchor Casualty Co. v. Wise,* 172 Kan. 539, 241 P. 2d 484.)

It also is contended that Haren and its insurance carrier are guilty of laches resulting in prejudice to Elevator; that no right of subrogation exists until the claim has been paid in full, and that when a workman brings his compensation claim against the principal, and the principal interpleads the subcontractor, and the award is made against the principal, the principal may not thereafter recover over against the subcontractor, citing *Coble v. Williams,* 177 Kan. 743, 751, 282 P. 2d 425, on the last-mentioned proposition.

Haren and its insurance carrier, on the other hand, rely on G. S. 1949, 44-503 (f), which reads:

"The principal contractor who pays compensation to a workman of a subcontractor shall have the right to recover over against the subcontractor."

and *Attebery v. Griffin Construction Co.,* 181 Kan. 450, 312 P. 2d 598.

In overruling Elevator's demurrer to the amended petition the trial court, among other things, stated that G. S. 1949, 44-503, is applicable if the relationship of principal and subcontractor exists; that the principal's rights under that section to proceed against the subcontractor are not barred by anything that transpired in the compensation hearing, and that paragraph 6 of the syllabus in the Attebery case, wherein the exhaustion of remedies is referred to, means only the exhaustion of remedies of the workman to recover compensation for his injuries.

In our opinion the trial court reached a correct conclusion in the matter.

Under the compensation act and numerous decisions an injured workman may proceed against either the principal or the subcon-

tractor, but of course may not recover against both. Here he elected to proceed against Haren, the principal. The Attebery case was an appeal in a compensation case in which the award to the workman was not being contested but rather was an attempt by one insurance carrier to shift liability for the award to another carrier. In paragraph 6 of the syllabus it was held:

"Where the remedies under the Workmen's Compensation Act are exhausted, matters incidentally arising out of contract which have no direct relation to the injured workman's right to compensation give rise to an independent action by one insurance carrier against another, . . ."

and in the opinion, speaking of the procedure attempted, it was said:

"At no place is this procedure authorized by the Workmen's Compensation Act itself. It follows that the remedies under the Workmen's Compensation Act are exhausted, thereby giving rise to an independent action by one insurance carrier against another on such matters incidentally arising out of contract which have no direct relation to the injured workman's right to compensation. Independent action arising out of incidental matters was contemplated by the Act where reference is made to indemnity and rights of subrogation." (p. 460.)

From the foregoing it is clear that the "exhaustion of remedies" has reference to the exhaustion of remedies of the workman to recover compensation, and that under G. S. 1949, 44-503 (f), above, which provides that the principal contractor who pays compensation to a workman of a subcontractor shall have the right to recover over against the subcontractor, Haren and its insurance carrier have the right to maintain the instant action. As heretofore stated, the amended petition specifically alleges that at the time of the injury Walker, the claimant, was an employee of Elevator and was engaged in performing its work. What the proof may show is of course another matter.

Elevator's other contentions have been examined and considered but are held either to be inapplicable under the facts or without substantial merit and therefore require no discussion.

The demurrer to the amended petition was properly overruled and the judgment is affirmed.