No. 45,184

SYLVESTER KUHN, *Appellee,* v. GRANT COUNTY, KANSAS, *Appellant,*
and FARMERS ELEVATOR MUTUAL INSURANCE COMPANY *(Appellee),*
and RELIANCE INSURANCE COMPANY *(Appellant).*

(439 P. 2d 155)

Opinion filed
April 6, 1968.

*Lloyd H. Haag,* of Garden City, argued the cause, and *A. M. Fleming, Dale E. Saffels* and *Clifford R. Hope, Jr.,* all of Garden City, were with him on the brief for the appellants.

*D. O. Concannon,* of Hugoton, argued the cause and was on the brief for the appellee, Sylvester Kuhn.

*H. Lee Turner,* of Great Bend, argued the cause, and *J. Eugene Balloun, Max E. Eberhart, Clarence N. Holeman,* and *Richard R. Eads,* all of Wichita, were with him on the brief for the appellee, Farmers Elevator Mutual Insurance Company.

The opinion of the court was delivered by

FONTRON, J.: This is an action for compensation benefits due under the Workmen's Compensation Act.

The facts are not seriously disputed. On October 12, 1965, the claimant Sylvester Kuhn, was employed by Grant County, Kansas, the respondent, as a road grader operator. On that date he injured his back when he was thrown against the steering wheel of the grader. Following this, he consulted a doctor and spent several days in a hospital, returning to work on November 10. Three weeks temporary total disability was paid to the claimant by the Reliance Insurance Company, hereafter called Reliance, the county's then insurance carrier.

Mr. Kuhn suffered a second injury to his back while lifting an angle iron on December 27, 1965. He was treated for this injury in February, 1966, when he spent a few days in a hospital, returning to work on February 28, 1966. Reliance was the insurance carrier at this time, also, and paid Kuhn for four weeks temporary total disability.

The record indicates that hospital and medical expenses incurred by Kuhn as a result of the two injuries were also paid by Reliance. Apparently, however, no notice of either accident was given the director at the times of their occurrence, nor were any awards entered or settlements filed with the director.

On June 22, 1966, claimant injured his back a third time in lifting a gasoline barrel. This time his tired old back gave out and an operation was performed for a slipped disc. Separate written claims for compensation were thereafter made for compensation based on the accidental injuries received on October 12, 1965, and on June 22, 1966, and these two claims were consolidated and were heard together by the examiner as a single action.

Between the second and third injuries, and on April 21, 1966,

Reliance terminated its insurance with Grant County, and Farmers Elevator Mutual Insurance Company, hereafter referred to as Farmers, became the insurance carrier as the result of an assigned risk.

The examiner before whom the claims were heard found that Mr. Kuhn sustained personal injury by accident arising out of and in the course of his employment on or about June 22, 1966, and October 12, 1965. The examiner thereupon rendered an award in favor of the claimant, against the county and also against Reliance and Farmers equally for 49 weeks of past due temporary total disability to be paid in a lump sum, and ordered payment of $42 per week thereafter until further order. Reliance thereupon filed a timely application for a director's review of the award.

On review, the director entered an order in which, after reciting that the primary issue on review was which insurance carrier was responsible for benefits due claimant as a result of injury sustained June 22, 1966, the director found that Reliance should be released and all benefits due claimant should be paid by Grant County and by Farmers. The director thereupon affirmed the examiner's award with one exception, that Reliance be released from responsibility for benefits due as a result of injury on June 22, 1966. Farmers appealed to district court.

The appeal was heard July 19, 1967, following which the district court adopted the findings made by the Workmen's Compensation Examiner and by the Director and made the following findings: that "the accident of October 12, 1965, was the precipitating factor which resulted in claimant's surgery, the subsequent injuries were merely an aggravation of a preexisting condition." The court further found that Grant County was insured by Reliance for one year commencing July 1, 1965, and ending July 1, 1966; that Reliance terminated its insurance as of April 21, 1966; and that Farmers insured the employer as of April 22, 1966, through an assigned risk. The court thereupon entered the following award:

"This Court adopts and affirms the awards made by the Workmen's Compensation Examiner and the Director against the respondent, Grant County, Kansas, but remands said proceedings to the Director and the Examiner with orders to take additional testimony relative to the award against the Farmers Elevator Insurance Company or the Reliance Insurance Company, for the reason that this court deems and therefore finds that the record is not sufficient upon which to base an award in the following respects, to-wit:

"There is no evidence showing:

"(*a*) a contractual right of Reliance to cancel its insurance before the policy expiration date;

"(*b*) any facts justifying a cancellation such as non payment of premium or violation by insured of contract provisions; or

"(*c*) request by insured for termination of policy.

"In the absence of a satisfactory showing as to one or more of the above points it is impossible from the evidence for the Examiner, the Director or this Court to determine insurance liability.

"No doubt, Reliance Insurance Company furnished the Commissioner sufficient evidence to convince him to approve cancellation of coverage and thus invoke the statutory remedy of making an 'assigned risk'. However, the claimant has filed claims against both insurance companies as insurers of only one employer and insured, together with the fact that the claimant is receiving compensation from neither.

"The Court feels that under the circumstances that Reliance Insurance Company should not be allowed to stand mute but owes the claimant, Examiner, the Director and this Court the same duty or courtesy, it no doubt has extended to the Insurance Commissioner, to come forward with the evidence sufficient to answer the questions above set out.

/s/   L. L. Morgan
Judge"

The appeal now before us was taken by Reliance from the foregoing judgment. In brief, it is the position of the appellant (Reliance) that the district court erred in remanding the proceedings for the taking of additional evidence because (1) a trial court has no authority to remand and (2) under Kansas law there is no standard of health required and no apportionment of compensation.

Farmers, on the other hand, contends there is no Kansas case covering the exact situation existing here, where a workman incurs successive compensable injuries while working for the same employer, but none of his claims have been settled at the time of hearing. The company recognizes our past decisions involving aggravation of preexisting conditions, but submits the present case does not involve an "apportionment" problem, since it concerns two claims for two accidents, the combination of which has rendered claimant disabled at this time.

The claimant, who is in the unenviable position of the ham in the sandwich, asserts that the district court had no jurisdiction to determine a controversy between insurance carriers as to their respective liabilities. The unhappy Mr. Kuhn goes on to say the district court had jurisdiction only to affirm, modify or reverse the director's award, and that any finding as to the liability of either carrier would simply be a nullity.

Having summarized the position of the parties, we turn for a look at the issues.

We think by now it should be generally understood that on an appeal from the director's award in a compensation case, the district court is without authority to remand the proceedings to the director for the hearing of further evidence, or for taking additional action. This rule was formulated during the early history of the Workmen's Compensation Act and finds expression in *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac. 396, where this court said:

"The jurisdiction of the district court in compensation cases is simply its power to grant or refuse compensation or to increase or diminish any award made by the commission as justice may require. (Laws 1929, ch. 206.) It hears no new evidence, but takes the case on the transcript of the proceedings before the compensation commission and makes an independent adjudication of the facts and the law therefrom. (*Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 692, 693, 284 Pac. 818.) The statute does not intimate that the district court may reverse and remand the proceedings to the compensation commission because of errors in the admission or exclusion of evidence before that tribunal." (Citing cases.) (pp. 412-413.)

The principle has been applied uniformly and without exception in succeeding cases. In the recent case of *Fleming v. National Cash Register Co.*, 188 Kan. 571, 363 P. 2d 432, we stated:

"It is the settled rule in this jurisdiction that under the provisions of the workmen's compensation act the district court has no authority to remand a case to the commissioner for further proceedings after an award has once been made. . . ." (p. 574.)

Our language in *Landes v. Smith*, 189 Kan. 229, 368 P. 2d 302, again makes clear the limits placed upon the jurisdiction of the district court in an appeal from a compensation award:

". . . The Workmen's Compensation Act provides its own appeal procedure. The district court on appeal considers the matter *de novo* upon the record taken by the Commissioner; it weighs the evidence and is required to consider the case as if it were one of first impression; and its jurisdiction in compensation cases is simply its power to grant or refuse compensation or to increase or diminish any award made by the Commissioner as justice may require. See, *e. g., Coble v. Williams*, 177 Kan. 743, 282 P. 2d 425; *Neff v. Henry Wagner Transport Co.*, 177 Kan. 738, 281 P. 2d 1109; *Place v. Falcon Seaboard Drilling Co.*, 186 Kan. 523, 527, 350 P. 2d 788." (p. 232.)

See, also, *Willis v. Skelly Oil Co.*, 135 Kan. 543, 11 P. 2d 980; *Attebery v. Griffin Construction Co.*, 181 Kan. 450, 312 P. 2d 598.

That part of the trial court's order affirming the award against Grant County finds support in the record. However, we are constrained to say the court erred in remanding the proceedings to

the "Director and Examiner with orders to take additional testimony" relating to the award against Reliance and Farmers.

As we have heretofore said, the basic dispute throughout these entire proceedings has not been whether claimant had sustained compensable injuries, but rather which of the insurance companies is liable to pay the award entered in claimant's favor.

Questions relating to controversies between feuding insurance carriers are not exactly new in this jurisdiction. The general problem was brought before this court in *Justice v. Continental Can Co.*, 174 Kan. 539, 257 P. 2d 564. The facts of the case are complicated and need not be narrated in detail. It is sufficient to say that claimant sustained partial loss of sight in his right eye due to accident and later, while working for the same employer, injured his left eye, requiring its removal. Different insurance carriers were on the risk at the time of each injury. Separate claims were filed and separate awards entered. On appeal from an award in the left eye case for total permanent disability resulting from the condition of both eyes, the last insurance carrier requested that the liability of the other carrier be determined with respect to claimant's total loss of vision. As to this request the court said:

"Appellants ask this court to determine the liabilitiy of each of the insurance carriers with respect to the claims for injuries to the respective eyes. The concern of this court under the compensation act pertains primarily to the liability of the employer to the workman and not to the settlement of independent controversies which may arise between the various insurance carriers. Moreover the insurance carrier in the right eye case, Continental Casualty Company, was not a party to the hearing before the commissioner or in the district court in the instant left eye case. It is not a party to the instant appeal. Obviously this court has no jurisdiction to determine its rights or liability. . . ." (p. 552.)

Some years later, the Justice case was followed by *Attebery v. Griffin Construction Co.*, supra, where a respondent's insurance carrier sought to implead another respondent and its carrier in a compensation hearing. In rejecting such unorthodox proceedings this court stated:

"By this appeal U. S. F. & G., who was a party to the proceedings before the Workmen's Compensation Commissioner, seeks to draw in another respondent and its insurance carrier and litigate rights, not relative to the obligation of U. S. F. & G. on its own policy to the respondent, Griffin, or the claimant, but its rights against the other insurance carrier. We are of the opinion that this is not only contrary to the spirit of the Workmen's Compensation Act but also contrary to the intention of the legislature in applying the Act which is designed primarily for the protection of the injured workman or his dependents.

"At no place is this procedure authorized by the Workmen's Compensation Act itself. It follows that the remedies under the Workmen's Compensation Act are exhausted, thereby giving rise to an independent action by one insurance carrier against another on such matters incidentally arising out of contract which have no direct relation to the injured workman's right to compensation. Independent action arising out of incidental matters was contemplated by the Act where reference is made to indemnity and rights of subrogation." (p. 460.)

The sequel to the Attebery case is found in *United States Fidelity & Guaranty Co. v. Maryland Cas. Co.,* 186 Kan. 637, 352 P. 2d 70, in which the carrier against whom the award was entered in Attebery brought action against the carrier it had sought to implead. In a decision holding that plaintiff's petition stated a cause of action on the theory of "legal" subrogation, we used this language:

"The concern of this court under the workmen's compensation act pertains primarily to the liability of the employer to the workman and not to the settlement of independent controversies which may arise between the various insurance carriers. . . ." (p. 642.)

In *Standard Surety & Cas. Co. v. Standard Acc. Ins. Co.,* 104 F. 2d 492, the federal court expressed much the same view of proceedings to obtain compensation under the Kansas Workmen's Compensation Act. On page 496 of the opinion the court said:

"Furthermore, the District Court of Wyandotte County, Kansas, upon review of the statutory proceedings initiated by the widow of Joe Evans, was without jurisdiction to determine any controversy between these two insurers with respect to which of them was primarily liable. . . ."

Our latest pronouncement on the subject was spoken in *Hobelman v. Krebs Construction Co.,* 188 Kan. 825, 366 P. 2d 270. In this case, claim was filed for compensation against two named employers and their respective insurance carriers. The district court, on appeal, found claimant to be the general employee of one respondent and the special employee of the other and held both respondents and their respective insurance carriers jointly and severally liable for payment of compensation and medical expenses.

On appeal to this court, each carrier contended that the trial court should have found the other insurance company primarily liable. These contentions were rejected and the court held:

"There is no express authority in the Workmen's Compensation Act giving the Workmen's Compensation Commissioner or any court reviewing the proceedings the power to determine and fix a comparative degree of liability as between a general employer and a special employer." (Syl. ¶ 4.)

"The primary purpose of the Workmen's Compensation Act is to expeditiously provide an award of compensation in favor of an injured employee

against all persons who may be liable therefor. As to questions concerning the responsibility for payment under this general liability, the employee is not concerned. Such questions are to be resolved by a court in an independent action unless otherwise specifically provided by statute." (Syl. ¶ 5.)

One last question remains: What final disposition should be made of the present appeal? Our answer has not been easily or hastily formulated. However, in the face of this record we are convinced that the conclusion we have reached offers the only just and sound solution.

It will be remembered that the examiner found Kuhn had sustained personal injury by accidents on June 22, 1966, and October 12, 1965, and awarded compensation against the county and against both insurance carriers equally. The director, on review, found the award of the examiner should be affirmed except that Reliance should be released, and that all benefits due claimant should be paid by Grant county and by Farmers, the insurance carrier when the June twenty-second accident occurred. Farmers appealed this award to district court.

After the appeal from the director's order arrived at its destination, the district court adopted the findings of fact made by both the examiner and the director. It is somewhat difficult to understand how the trial court could have adopted both sets of findings, in view of their inconsistency, and we might be puzzled as to the court's real meaning were it not for the following additional findings which it made:

"The accident of October 12, 1965, was the precipitating factor which finally resulted in the surgery performed on the claimant. The subsequent injuries were merely an aggravation of a pre-existing condition.

"It was the attending doctor's intention to avoid surgery if possible through conservative treatment.

"After the injury of June 22, 1966, it was the attending doctor's opinion that claimant's condition would not clear up with conservative therapy and that surgery was performed upon said doctor's recommendations and referral."

We consider these findings as being equivalent to a finding that the claimant's present total disability has resulted from the combined effects of the injuries sustained by him in the accidents of October 12, 1965, and June 22, 1966, both of which occurred while claimant was in the employ of Grant county. There is substantial, competent evidence in the record to support a finding to such effect. Under the existing circumstances, the claimant's physical condition having been found to be the result of both accidents, it is our opinion

that the trial court should have held both carriers, Reliance and Farmers, jointly and severally liable, leaving the two contesting insurance companies to litigate their grievances against each other in an independent action.

This conclusion accords with the rationale underlying prior decisions of this court. It also serves a primary purpose of the Workmen's Compensation Act, *i. e.*, the compensation of workers injured in industrial accidents with as little delay as possible and without having to wait for the disposition of collateral issues in which they have no interest.

In *Hobelman v. Krebs Construction Co.,* supra, this court announced its agreement with the following statement which it proceeded to quote from *Johnson v. Mortenson,* 110 Conn. 221, 147 Atl. 705:

" '. . . The better view and practice of the compensation commissioners appears to have been to regard their jurisdiction as limited to determination of the right of the employee to compensation and as to who is liable therefor to such claimant, leaving the rights and liabilities between those held jointly liable to the claimant to "be worked out in such proceedings, among themselves, as may be brought for the purpose." ' " (p. 833.)

A similar method of procedure has been approved in California, where the principle of apportionment between insurance carriers has been recognized. In the recent case of *Royal Globe Ins. Co. v. Industrial Acc. Com.,* 63 C. 2d 60; 45 Cal. Rptr. 1, 403 P. 2d 129, the court said:

". . . In permanent disability cases, the proper procedure is to hold the carriers jointly and severally liable to the employee, leaving the carriers to debate the apportionment issue in a separate proceeding. 'The successive carriers or employers should properly have the burden of adjusting the share that each should bear and that should be done by them in an independent proceeding between themselves. They are in a better position to produce evidence on the subject and establish the proper apportionment.' (*Colonial Ins. Co. v. Industrial Acc. Com.,* supra, 29 Cal. 2d 79, 82. See also *Fireman's Fund Indem. Co. v. Industrial Acc. Com.,* supra, 39 Cal. 2d 831, 835; *Globe Indem. Co. v. Industrial Acc. Com.,* 125 Cal. App. 2d 763, 770 [271 P. 2d 149].) . . ." (p. 63.)

See, also, *Sechler v. Pastore,* 103 Colo. 139, 84 P. 2d 61; *Standard Surety & Cas. Co. v. Standard Acc. Ins. Co.,* supra.

The present action presents a graphic illustration of the hardship which may confront a claimant where insurance carriers are permitted to litigate, during the compensation process, claims and equities existing between themselves. We deduce from the trial

court's judgment, that neither Reliance nor Farmers is now paying any compensation. In addition, claimant has been put to the expense of printing a brief and of employing appellate counsel, for whose necessary expenses he will no doubt be liable.

These are adversities which a claimant should not be forced to undergo. While we recognize the right of insurance carriers to be protected in their legal rights and to engage in litigation when disputes over their respective liabilities arise between them, yet their quarrels should not be resolved at the expense of an injured workman.

For the reasons expressed in this opinion, the judgment of the trial court awarding compensation against Grant County is affirmed. That part of the judgment remanding the proceedings for further evidence touching the liabilities of Reliance and Farmers, respectively, is reversed. This case is remanded with directions to hold both Reliance Insurance Company and Farmers Elevator Mutual Insurance Company jointly and severally liable for payment of the award entered in favor of claimant, leaving the companies free to settle their rights and liabilities between themselves in separate proceedings brought for that purpose.