(715 P.2d 29)
No. 58,060

JUDY JONES CLOUSTON, *Claimant-Appellee*, v. BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, *Respondent-Appellee*, and MILLERS MUTUAL INSURANCE COMPANY, *Insurance Carrier-Appellee*, and STATE EMPLOYEES' SELF-INSURANCE FUND, *Insurance Carrier-Appellant*.

Opinion filed March 6, 1986.

*Robert D. Beall,* of Leavenworth, for appellant.

*Jeffrey L. Lauersdorf* and *Leonard J. Schapker,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for insurance carrier-appellee.

Before MEYER, P.J., BRISCOE, J., and WILLIAM D. CLEMENT, District Judge, assigned.

MEYER, J.: This is a workers' compensation case on its second appeal to this court. Claimant, Judy Jones Clouston, has been paid $7,333.34 in compensation benefits by the State Self-Insurance Fund (Fund). The Fund claims it is entitled to reimbursement for that amount from Millers Mutual Insurance Company (Millers Mutual), the insurer for Johnson County. From a decision by the Johnson County District Court holding that it had no jurisdiction to determine the dispute between the two insurance carriers, the Fund appeals.

On March 28, 1978, claimant had an accident arising out of and

in the course of her employment. The primary issue at the trial of the matter was whether or not claimant was an employee of the Board of County Commissioners of Johnson County, Kansas, or whether she was an employee of the State of Kansas. The Administrative Law Judge and the Director of Workers' Compensation found claimant to be an employee of Johnson County. On appeal to the district court, it was determined that claimant was an employee of the State of Kansas. The State appealed the district court's determination to this court.

During the pendency of the appeal by the State, the Fund, pursuant to the statutory requirements of K.S.A. 1985 Supp. 44-556, provided claimant with compensation.

The Kansas Court of Appeals reversed the decision of the district court and concluded that claimant was an employee of Johnson County. Liability for compensation owing claimant was thus indirectly imposed upon the county's insurer, Millers Mutual.

Following the decision of the Court of Appeals, the Fund made demand upon Millers Mutual for reimbursement of the amounts it had paid claimant. Millers Mutual refused to make reimbursement.

The Fund filed a motion for reimbursement with the Administrative Law Judge on May 20, 1983. It was determined that, under principles of equity, restitution should be granted the Fund. On June 20, 1983, the Director of Workers' Compensation sustained the Administrative Law Judge's decision.

The matter was appealed to the Johnson County District Court. The district court reversed the decision of the Administrative Law Judge and the Director of Workers' Compensation, concluding that workers' compensation law did not borrow doctrines such as restitution from the common law and that, as K.S.A. 44-501 *et seq.* did not provide for "recovery back" of monies paid by an insurance carrier after an appeal has determined nonliability, it did not have jurisdiction, under the Act, to determine this dispute. The Fund appeals.

The Fund contends it has paid monies it did not owe and thus should be entitled to reimbursement. On appeal, the Fund acknowledges lack of authority under K.S.A. 44-501 *et seq.* for reimbursement in such a situation, but urges this court to find authority in "the general power and authorities of the adminis-

trative law judge and director . . . ." The Fund also acknowledges that disallowance of reimbursement under provisions of the Act does not foreclose avenues of recovery of such reimbursement through civil litigation outside the Act, but asserts that "[t]o require the insurance carriers to resort to another forum, *i.e.*, another matter of civil litigation in the district court, to recover payments would be ludicrous and totally unnecessary based on the powers and authority granted to the director and administrative law judges to enter appropriate orders in the workmen's compensation proceedings to cause benefits to be paid by the responsible parties."

The Kansas Workmen's Compensation Act, K.S.A. 44-501 *et seq.*, establishes a complete and exclusive remedy provision covering every phase of the right to compensation and makes no provision for the maintenance of common-law actions. *Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 247, 409 P.2d 1001 (1966); *Anderson v. National Carriers, Inc.*, 10 Kan. App. 2d 203, 205, 695 P.2d 1293 (1985). Under K.S.A. 44-501 *et seq*, therefore, the Fund is not entitled to reimbursement for the simple reason that the Act contains no provision which would allow such recovery.

When the Kansas legislature has desired to provide reimbursement to insurance carriers, it has done so through specific statutory authority and has not left the matter within the "general power and authorities" of the administrative law judge. See K.S.A. 1985 Supp. 44-556(d); K.S.A. 44-528(a).

As noted by counsel for Millers Mutual, a situation analogous to that of the instant case was present in *Tompkins v. Rinner Construction Co.*, 196 Kan. 244. In *Tompkins*, a workman was killed as a result of an injury in an automobile accident. The widow made claim for compensation. The district court upheld the findings and award of the Director and entered judgment in favor of the widow for the maximum death benefit. The employer and insurance carrier appealed and made various weekly payments during the pendency of the appeal. The decision of the district court was reversed on appeal with the court finding that there was no evidence that the injury arose out of the employment. The employer and its insurance carrier subsequently filed a motion in the district court for restitution of the weekly benefits paid during the pendency of the appeal. The district court

sustained the motion for restitution. The claimant appealed contending that the district court had no jurisdiction pursuant to the Workmen's Compensation Act to award restitution of the benefits.

The Kansas Supreme Court reversed the order of restitution holding that the Workmen's Compensation Act did not provide any procedure for the "recovery back" of benefits paid during the pendency of an appeal. The court stated:

"We believe . . . that in view of the provisions of the compensation act general rules relating to 'restitution' have no application and that 'recovery back' is not to be permitted. Nowhere in the act is there any provision authorizing a 'recovery back.' If the anomalous situation presented here is to be corrected it is within the power of the legislature to do so." *Tompkins*, 196 Kan. at 249.

Similar holdings have been enunciated in numerous cases since *Tompkins*. See *Johnston v. Tony's Pizza Service*, 232 Kan. 848, 658 P.2d 1047 (1983); *Brown v. Goodyear Tire & Rubber Co.*, 211 Kan. 742, 508 P.2d 492 (1973); and *Casebeer v. Alliance Mutual Casualty Co.*, 203 Kan. 425, 454 P.2d 511 (1969). In none of these cases has our supreme court allowed "recovery back" of compensation benefits paid during the pendency of an appeal.

We realize the above cases involve situations which, had they been decided otherwise, would have required a claimant to pay back monies received, while the instant case is between insurance carriers. The instant case thus lacks the appeal found in the others of favoring a claimant. However, the above cases were decided upon general jurisdictional principles relative to the Workmen's Compensation Act, and thus are applicable in the case at bar. Therefore, based upon the rules present in *Tompkins*, we conclude the district court in this case was correct in determining the administrative law judge was without jurisdiction to determine this dispute. Our supreme court has left the problem of "recovery back" to the legislature and has chosen not to allow the maintenance of common-law actions under the Workmen's Compensation Act. The result in this case, although a harsh one, is correct.

Affirmed.