(794 P.2d 662)

No. 64,282

AMERICAN STATES INSURANCE COMPANY, *Appellee*, v. HANOVER INSURANCE COMPANY, *Appellant*.

Opinion filed June 22, 1990.

*William P. Coates, Jr.*, and *Douglas M. Greenwald*, of McAnany, Van Cleave & Phillips, P.A., of Lenexa, for the appellant.

*Thomas R. Hill*, *Mark Beam-Ward*, and *Lisa R. Ashner*, of Hill, Beam-Ward & Alberg, of Overland Park, for the appellee.

Before ABBOTT, C.J., TERRY L. BULLOCK, District Judge, assigned, and NELSON E. TOBUREN, District Judge, assigned.

ABBOTT, C.J.: American States Insurance Company (American) filed a declaratory judgment action, following a workers compensation case, against Hanover Insurance Company (Hanover). The trial court denied Hanover's motion to dismiss the case for lack of jurisdiction, and this court granted an interlocutory appeal.

In the workers compensation case, an injured workman, Robert C. Miller, filed a claim against both J.G. Shull Co. (Shull), who is insured for workers compensation purposes by American, and A.F. Byers & Co. (Byers), which is insured for workers compensation purposes by Hanover. Since Shull and Byers are no

longer parties and their insurance carriers stand in their shoes, Shull and American will be referred to as American, and Byers and Hanover will be referred to as Hanover.

The Administrative Law Judge (ALJ) issued a preliminary order for American to pay the claimant's medical and temporary total disability compensation. The ALJ specifically reserved the question of any liability of Hanover.

American then made a compromise settlement of the workers compensation claim for $44,625.37. Prior to the settlement, American filed a declaratory judgment action seeking a declaratory judgment that Hanover is liable for past and future benefits paid and alleging that the Division of Workers Compensation "lacks the power to determine and fix a comparative degree of liability" between American and Hanover.

We are furnished a meager record on appeal, which consists of the petition for declaratory judgment, the journal entry denying the motion to dismiss (which contains no findings or conclusions and gives no clue as to the trial court's reasons for denying the motion), Hanover's motion to dismiss, and a one-paragraph memorandum in support of the motion to dismiss. The record also contains a second motion to dismiss and the trial court's bench notes. Appellant has attempted to supplement the record in the appendix to the brief. Appendices to a brief are not a substitute for a record. See *In re Appeal of News Publishing Co.*, 12 Kan. App. 2d 328, 333, 743 P.2d 559 (1987). The record furnished makes it very difficult to review the case. We cannot tell from the record whether a workers compensation claim is still pending against Hanover, although at oral argument we were assured the workers compensation case was concluded and that there is no pending claim. We have some difficulty determining what the trial court decided.

Hanover filed a motion on November 22, 1988, requesting dismissal of American's petition "for the reason that this Court lacks subject matter jurisdiction over the action and that plaintiff has failed to exhaust its administrative remedies." A one-page memorandum citing two federal cases and one Kansas Supreme Court case accompanied the motion. The trial court heard argument and deferred its decision "pending decision of Administrative Law Judge." Presumably, the benchnote entry refers to

the workers compensation case. The record contains nothing concerning the workers compensation claim after that date. Both briefs contain copies of various documents in their appendices that show the workers compensation claim was settled, but indicate a workers compensation claim was still pending against Hanover when Hanover filed a second motion to dismiss American's petition.

In its second motion to dismiss, American claimed it had filed a Form 12 "Worksheet for Settlement" in the workers compensation case admitting Shull was the employer and American the insurance carrier and that the admission mooted the declaratory judgment action. A copy of the Form 12 is attached to the motion and is part of the record before us.

The trial court then denied the motion. The journal entry denying the motion to dismiss states, in pertinent part, "that defendant's motion to dismiss plaintiff's petition on the ground that the issue of which carrier extends coverage for the respondent in the workers compensation claim [is] not within the jurisdiction of the district court should be and is hereby overruled."

On appeal, Hanover makes three arguments: (1) The ALJ had the power to decide the identity of the claimant's employer; (2) by settling with claimant, American waived any rights it had to have the ALJ decide the issue of who the employer was and; (3) the declaratory judgment action should have been dismissed for failure to exhaust administrative remedies.

American responded that the district court, and not the workers compensation proceeding, is the proper forum to litigate "as the rights of the claimant are not at issue." American argued on appeal that it reserved all rights and claims to proceed with an independent action to determine liability and apportionment between the parties. The problem with this argument is that, if we assume American could reserve the right to an independent order, there is nothing in the record before us to show American did so. (The appendix to American's brief has material that, if it were in the record, would do so.)

American also argues it had exhausted all administrative remedies and that, since Hanover did not raise waiver in the trial court, the issue of waiver cannot be raised for the first time on appeal.

At oral argument, American argued that the issue in the workers compensation case was who the employer was. That issue is not a coverage question, but rather a fact question. Hanover responded that our Kansas Supreme Court has allowed questions concerning borrowed servants and other employer questions to be litigated separately.

Hanover's argument rests on a principle stated in Larson's treatise on workers compensation law. Where the rights of the claimant turn on a question involving insurance, most states have determined that the workers compensation division has jurisdiction to resolve the question; however, "when the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief." 4 Larson's Workmen's Compensation Law § 92.42 (1990). There is a long line of cases in Kansas concerning such issues.

The earliest case of significance for this appeal is *Attebery v. Griffin Construction Co.*, 181 Kan. 450, 312 P.2d 598 (1957). *Attebery* involved a workers compensation case filed by a deceased worker's estate against two employers and their insurance carriers. The claimant moved to dismiss one employer and its carrier, believing that employer was a general contractor, and continued against its immediate employer (the alleged subcontractor). The motion was granted over the subcontractor's objection. The Kansas Supreme Court held that, although K.S.A. 44-503 allows a general contractor to implead a subcontractor, it does not allow a subcontractor to implead a general contractor; therefore, a claimant may dismiss a respondent and continue against the other so long as it demonstrates the latter to be a subcontractor. 181 Kan. at 456-57.

The court also stated the following:

"By this appeal U.S.F. & G. [the insurance carrier for the subcontractor], who was a party to the proceedings before the Workmen's Compensation Commissioner, seeks to draw in another respondent and its insurance carrier and litigate rights, not relative to the obligation of U.S.F. & G. on its own policy to the respondent, Griffin, or the claimant, but its rights against the other insurance carrier. We are of the opinion that this is not only contrary to the spirit of the Workmen's Compensation Act but also contrary to the intention of the legislature in applying the Act which is designed primarily for the protection of the injured workman or his dependents." 181 Kan. at 460.

The *Attebery* court held the Act contemplates an independent civil action for indemnity and subrogation between the insurance companies under the circumstances there presented. 181 Kan. at 460.

In *United States Fidelity & Guaranty Co. v. Maryland Cas. Co.*, 186 Kan. 637, 638, 352 P.2d 70 (1960), the insurance company for the subcontractor in *Attebery* sued the insurance company for the general contractor in *Attebery* to recover the workers compensation benefits it was required to pay as a result of the *Attebery* holding. The insurance carrier demurred, and the district court dismissed. In reversing, the Supreme Court held, in part, that *Attebery* expressly allowed for such a suit. Further, it held the finding by the workers compensation division in *Attebery* as to who was the subcontractor was not res judicata as between the parties because the alleged general contractor and its insurance carrier were not parties to that suit (they had been dismissed). 186 Kan. at 645-46. The relationships of the parties in *Attebery*, therefore, could be litigated in the second suit. 186 Kan. at 646.

At first blush, *Attebery* and *Maryland Cas. Co.* might appear to clearly allow an action like the present one. Hanover, however, cites a number of subsequent cases, which it takes to stand for the proposition that all determinations of employee-employer status must be made by the workers compensation division rather than the district court. A review of these cases, in light of the two principles stated above, demonstrates they may be read harmoniously with *Attebery* and *Maryland Cas. Co.* and that the district court has jurisdiction in this case.

The first case cited by Hanover is *Atwell v. Maxwell Bridge Co.*, 196 Kan. 219, 409 P.2d 994 (1966). The claimant brought a workers compensation claim against the general contractor, who then impleaded the subcontractor on the ground that the subcontractor, as a subcontractor, was claimant's immediate employer (pursuant to K.S.A. 44-503). 196 Kan. at 220. The director affirmed the finding that the general contractor was claimant's employer, the dismissal of the subcontractor, and the award of claimant's benefits. 196 Kan. at 220. The district court reversed, holding the general contractor to be liable as a general contractor

with the right to recover from the subcontractor for any payments made. 196 Kan. at 220-21. On appeal to the Kansas Supreme Court, the award to claimant was not in dispute; the only issue was the liability between the general contractor and the subcontractor. 196 Kan. at 220. The Supreme Court affirmed. 196 Kan. at 227.

Hanover argues *Atwell* demonstrates that the appropriate procedure for multiple respondents to litigate the question of who is the employer is in the workers compensation division, not in a separate district court action. Although *Atwell* may appear to be inconsistent with *Attebery* and *Maryland Cas. Co.*, it is consistent. In *Attebery*, there was no statutory basis for allowing a subcontractor to implead a general contractor. The action between the insurance companies would have allowed them to litigate their interests without the claimant's interest being significantly at stake in the workers compensation setting without express authority in the Act to do so.

In *Atwell*, however, because the Act allowed the named respondent, as a general contractor, to implead an alleged subcontractor, the insurance companies were allowed to litigate their respective liability in the workers compensation division. To have done otherwise would have been against the express language of the Act. The three cases together stand for the proposition that insurance companies may litigate their relative liabilities in workers compensation cases in situations where the claimant's interests are not at stake only where expressly allowed under the Act.

The interpretation of the above three cases is strengthened by the next case cited by Hanover: *Hobelman v. Krebs Construction Co.*, 188 Kan. 825, 366 P.2d 270 (1961). *Hobelman* was a workers compensation case in which the claimant's recovery was not an issue on appeal, but the relative liability of the alleged employers and their insurance carriers was an issue.

The dispute primarily concerned the relationship of the two alleged employers: were they general contractor and subcontractor, or were they general employer and special employer? 188 Kan. at 828. If the borrowing employer has the right to exercise control over the loaned employee, the loaning employer is described as the general employer and the borrowing employer as the special employer. See *Mendel v. Fort Scott Hydraulic Cement*

*Co.*, 147 Kan. 719, 724-27, 732, 79 P.2d 868 (1938). Although the Workers Compensation Act does not make the general-special employer distinction, the Supreme Court has previously decided that, where a loaned employee is injured and both employers retained the right of control, they are jointly and severally liable and the employee may sue either or both. See *Mendel*, 147 Kan. at 724-27, 732.

The *Hobelman* court held the two employers to be general and special, respectively, but refused to decide the collateral issue of the degrees of liability of the parties because the Act fails to provide for such a determination. 188 Kan. at 829-30. In support of this conclusion, the court stated:

"In the absence of a specific statute to the contrary, such as G.S. 1949, 44-503, we are in accord with the statement made in the case of *Johnson v. Mortenson*, 110 Conn. 221, 147 Atl. 705, as follows:

'. . . The better view and practice of compensation commissioners appears to have been to regard their jurisdiction as limited to determination of the right of the employee to compensation and as to who is liable therefor to such claimant, leaving the rights and liabilities between those held jointly liable to the claimant to "be worked out in such proceedings, among themselves, as may be brought for the purpose." ' " 188 Kan. at 832-33.

The *Hobelman* decision, therefore, rests on the same principle derived from *Atwell*, *Attebery*, and *Maryland Cas. Co.* above: Unless specifically allowed by statute, insurance companies may not litigate in the workers compensation division their respective liability for an award if the employee's interests are not at issue.

Hanover also cites *Drennon v. Braden Drilling Co., Inc.*, 207 Kan. 202, 483 P.2d 1022 (1971), as an example in which an employment determination, challenged on appeal, originated in the workers compensation division rather than in a separate civil action. *Drennon*, however, concerned the question of whether a claimant could dismiss one of the respondents originally named over the objection of the other respondent. It was reasonable to decide whether the workers compensation division had the power to allow such a dismissal in a workers compensation case. *Drennon* is not authority for the proposition that any party would have standing to raise such an issue in district court. The present issue is different, as the above cases demonstrate. Insurance carriers

have standing to litigate among themselves in district court their relative liability of a workers compensation award.

The last case heavily relied on by Hanover is *Clouston v. Board of Johnson County Comm'rs*, 11 Kan. App. 2d 112, 715 P.2d 29 (1986). Again, Hanover argues *Clouston* demonstrates that the appropriate forum for determining which respondent is the liable employer is the workers compensation division. *Clouston*, however, is a different class of case from the above cases and is distinguishable from the present case.

In *Clouston*, the claimant filed a workers compensation claim against two respondents—the general contractor and the subcontractor. The claimant won the award in the workers compensation division against the general contractor, who was found to be the employer; the subcontractor was found not to be an employer and not liable. The district court reversed, finding the subcontractor to be the employer, and this court reversed again, finding the general contractor to be the employer. The subcontractor had paid about $7,000 in benefits before this court reversed, so it moved for, and was granted, restitution from the general contractor by the administrative law judge. The district court reversed, holding the workers compensation act does not allow such an order, and this court, on a second appeal, affirmed the district court. 11 Kan. App. 2d at 114-15. The legislature subsequently provided statutory authority for such a restitution order in K.S.A. 1989 Supp. 44-556(e).

Hanover relies on the first appeal in *Clouston* as an indication that the issue of which respondent is the employer is properly to be decided by the workers compensation division and not the district court. *Clouston* is distinguishable from the present case, as well as the other cases relied on by Hanover, in that both respondents were claiming it was not the claimant's employer. Under such circumstances, it is theoretically conceivable that both could be correct and claimant's award would have to be reversed. *Clouston*, therefore, does not stand for the general principle that where the claimant's interests are not at stake the insurance companies cannot litigate their relative liabilities in the workers compensation division (and thus the question of whether the facts of *Clouston* constitute an express statutory exception to that principle is inappropriate). *Clouston* is distinguishable from the pres-

ent case for the same reason. Shull admitted for purposes of the settlement that it was Miller's employer and thus Miller's interests could not have been at stake on appeal from the workers compensation division.

The present case does not fit the exception to the general principle disclosed in the above cases; therefore, it was properly brought in the district court. As just noted, Miller's interests were no longer at stake once he settled with Shull. Thus, unless the workers compensation act expressly allows the employers and insurance companies to litigate their relative liability in the workers compensation division, they may not. Neither party has cited a section which provides an applicable exception in this case. K.S.A. 44-503 is inapplicable in the present case because, at least in the briefs and the limited record before us, neither party has argued that one of them is a general contractor and the other a subcontractor.

Hanover also argues American's suit is precluded because American failed to exhaust administrative remedies as required by K.S.A. 77-612. This argument was expressly rejected by the Kansas Supreme Court in *Maryland Cas. Co.* as the requirement to exhaust administrative remedies was interpreted to apply only to the claimant's attempts to recover compensation. *Maryland Cas. Co.*, 186 Kan. at 642. In the present case, Miller exhausted his remedies when he settled.

Hanover also argues American waived any right to assert that Byers was the employer when Shull settled with Miller. This issue is not within the issue certified for interlocutory appeal. The district court's order denying Hanover's motion to dismiss states "defendant's motion to dismiss plaintiff's petition on the ground that the issue of which carrier extends coverage for the respondent in the worker's compensation claim [is] not within the jurisdiction of the district court should be and is hereby overruled." The court then certified that issue for interlocutory appeal. Further, the issue stated in Hanover's application for permission to take an interlocutory appeal stated the issue to be that of the district court's jurisdiction.

Shull's settlement may indeed result in its having waived the right to allege it was not an employer of Miller and may, therefore, provide Hanover with a waiver defense. But, such a defense

is not jurisdictional in nature and is not before us. The issue was not raised in the trial court and was not certified for interlocutory appeal; thus, we will not consider it.

The trial court did not err in denying Hanover's motion to dismiss.

Affirmed.