(971 P.2d 1210)

No. 79,195

TOPEKA PUBLIC SCHOOLS, UNIFIED SCHOOL DISTRICT NO. 501, *Appellant*, V. THE AMERICAN HOME LIFE INSURANCE COMPANY and THE CINCINNATI INSURANCE COMPANY, *Appellees*.

Opinion filed January 15, 1999.

*Gregory J. Bien* and *William F. Logan*, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., of Topeka, for appellant.

*Douglas M. Greenwald* and *Anton C. Andersen*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees.

Before BRAZIL, C.J., GREEN and KNUDSON, JJ.

Knudson, J: Unified School District No. 501 (U.S.D. 501) appeals the district court's order granting summary judgment to American Home Life Insurance Company and its workers compensation insurer, The Cincinnati Insurance Company (collectively referred to as American) in a declaratory judgment action brought by U.S.D. 501 requesting that the district court determine the proportionate liability of each of the parties for a workers compensation settlement paid by U.S.D. 501 to Ben A. Bobbett.

The district court found that U.S.D. 501 had waived any potential claims against American by not raising the issue of apportionment between multiple employers as a defense in the workers compensation proceeding and by settling Bobbett's claim. We conclude

that when a worker's interests are not at stake, the Workers Compensation Act (Act), K.S.A. 44-501 *et seq.*, does not provide for joinder of other employers by a named respondent to determine proportionate liabilities and that a lump sum settlement by the named respondent does not preclude a subsequent proceeding brought under K.S.A. Chapter 60 to determine proportionate liabilities.

Bobbett began working full time as a custodian for U.S.D. 501 in 1966. In 1980, Bobbett also began doing part-time custodial work for American. In 1993, Bobbett was diagnosed with bilateral carpal tunnel syndrome and had surgery on his left wrist. He filed a workers compensation claim against U.S.D. 501.

In January 1994, U.S.D. 501 sent American a letter stating that it believed that the work Bobbett performed for both U.S.D. 501 and American had contributed to Bobbett's injury. U.S.D. 501 requested that American participate in Bobbett's treatment costs. American stated that Bobbett had been an independent contractor and not its employee and that it would not participate in paying his treatment expenses. U.S.D. 501 responded that it believed that workers compensation would apply to Bobbett's situation with American and asked for the identity of American's workers compensation carrier in order for U.S.D. 501 to review the workers compensation situation and file for participation and recovery.

U.S.D. 501 paid Bobbett's medical bills. On June 6, 1995, Bobbett settled his workers compensation claim for a lump sum payment of $36,370.60.

On December 15, 1995, U.S.D. 501 filed a petition for declaratory judgment. The petition alleged that American was also liable for Bobbett's injuries and that American should be required to contribute to the amounts paid to Bobbett.

American filed a motion for summary judgment which argued that (1) there was no right of contribution among alleged multiple employers under the Act; (2) U.S.D. 501 had waived any ability to attempt to apportion liability between multiple employers when it entered into a settlement of Bobbett's entire workers compensation claim; and (3) there was no evidence causally connecting Bobbett's injury to his work for American.

American first contends this court lacks jurisdiction because U.S.D. 501's notice of appeal was not filed within 30 days of the date when the district court's memorandum decision was filed. We note it is undisputed that the district court did not serve the parties with a copy of the final decision that was filed on January 17, 1997, and that the attorneys for U.S.D. 501 did not receive a copy of the decision until May 1, 1997. The notice of appeal was filed on May 23, 1997. We conclude under the holdings of *Daniels v. Chaffee*, 230 Kan. 32, 38, 630 P.2d 1090 (1981), and *Nicklin v. Harper*, 18 Kan. App. 2d 760, 763, 860 P.2d 31, *rev. denied* 253 Kan. 860 (1993), the notice of appeal was timely.

We turn to the issue of whether the district court properly granted summary judgment to American.

The trial court found that U.S.D. 501 had waived any potential claims against American by not raising the issue of apportionment between multiple employers as a defense in the workers compensation proceeding and by settling Bobbett's claim. U.S.D. 501 maintains that the Act does not provide for it to raise such a defense and that the appropriate forum to determine liability between various insurance carriers is in district court.

Both parties cite to K.S.A. 44-503a. This statute provides that whenever a worker's injury arises out of and in the course of multiple *part-time* employments, all such employers may be liable for a proportionate amount of the compensation payable under the Act. We conclude K.S.A. 44-503a is not applicable to this situation. Bobbett was a full-time employee of U.S.D. 501. Moreover, 44-503a does not address the issue of joinder by one respondent of another respondent.

We believe the question of whether U.S.D. 501 acted appropriately in filing a separate civil proceeding is answered by *American States Ins. Co. v. Hanover Ins. Co.*, 14 Kan. App. 2d 492, 794 P.2d 662 (1990). In *American States*, the court reviewed a line of Kansas cases and found the cases stand for the rule that when the worker's interests are not at stake, insurance companies may litigate their relative liabilities in workers compensation cases only where expressly allowed under the Act. 14 Kan. App. 2d at 497. This holding is repeated later in the opinion when the court emphasizes

that "[u]nless specifically allowed by statute, insurance companies may not litigate in the workers compensation division their respective liability for an award if the employee's interests are not at issue." 14 Kan. App. 2d at 498. The court plainly states that insurance companies have standing to litigate among themselves in district court their relative liability of a workers compensation award. 14 Kan. App. 2d at 498-99. The *American States* opinion, and the cases discussed in it, refute American's assertion that there is no case law authority for apportioning liability in a civil action.

There is no question that Bobbett was entitled to compensation for a work-related injury. U.S.D. 501 is self-insured under the Act. The question of how much, if any, of the workers compensation award should be paid by American's insurance carrier is essentially a dispute between two insurers.

American was not named by Bobbett in his workers compensation claim. The parties have not cited to any provision in the Act, and none has been found, that would specifically allow U.S.D. 501 to make American a party to the workers compensation proceeding. *Attebery v. Griffin Construction Co.*, 181 Kan. 450, 460, 312 P.2d 598 (1957), indicates that such a procedure would be contrary to the spirit of the Act and to its primary intention of protecting the injured worker. In addition, no part of the Act has been found that expressly permits an employer who does not deny liability to use as a defense a claim that another employer might also be liable for part of the compensation. Under *American States*, this matter would not have been appropriately raised in the workers compensation proceeding.

American argues that the *American States* holding was questioned or modified in *Helms v. Tollie Freightways, Inc.*, 20 Kan. App. 2d 548, 889 P.2d 1151 (1995). This is not correct. In *Helms*, the issue was which of two insurance carriers had coverage in effect for the company on the date of the injury. Under these circumstances, jurisdiction to decide who had coverage was with the workers compensation division. 20 Kan. App. 2d at 556. However, the *Helms* court restated the *American States* holding with approval. Where one of two possible employers admits that it is the employer, the workers compensation division does not have jurisdic-

tion to determine the relative liabilities between the insurance carriers of the two employers, and the proper procedure is an independent action between the two insurance carriers. 20 Kan. App. 2d at 554.

U.S.D. 501 followed the proper procedure by filing a separate action in district court. There is no basis for finding that U.S.D. 501 waived its ability to have part of the workers compensation award apportioned to American. The trial court order granting summary judgment to American is reversed, and the case is remanded to the district court for further proceedings to determine the proportionate liability of American, if any.

Reversed and remanded with directions.