NOT DESIGNATED FOR PUBLICATION

No. 117,574

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AMY VOGEL,
*Appellee*,

v.

PEABODY CARE CENTER and
UNITED WISCONSIN INS. CO.,
*Appellants*.


MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed January 5, 2018. Vacated in part and appeal dismissed.

*Dallas L. Rakestraw* and *Travis L. Cook*, of McDonald Tinker PA, of Wichita, for appellants.

*Jan L. Fisher*, of McCullough, Wareheim & LaBunker, of Topeka, for appellee.

Before STANDRIDGE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: This is an appeal by Peabody Care Center and its insurance carrier, United Wisconsin Insurance Company (Peabody), in a workers compensation case. For the reasons stated below, we vacate that part of the Kansas Workers Compensation Board's (Board) order retaining jurisdiction over Peabody so as to permit an administrative law judge (ALJ) in a separately docketed case to determine whether Salem is entitled to reimbursement for medical costs it paid on Vogel's behalf and dismiss the case in its entirety.

1

Amy Vogel suffered two separate and distinct back injuries while working for two different employers. The first accident occurred December 15, 2011, while she was working for Salem Home (Salem) and the second accident occurred on October 3, 2012, while she was working for Peabody. Although Salem is not a party to this litigation or to the workers compensation claim below, there was a period of time in which the two cases were consolidated, but the consolidation was for purposes of taking evidence only. Given this window of consolidation, we find it helpful to include information about Vogel's case against Salem as part of the chronology of events in this case so as to provide context for the issue presented by Peabody on appeal.

| Date | Vogel v. Salem (Dkt. #1,062,509) | Vogel v. Peabody (Dkt. #1,064,413) |
|---|---|---|
| 08/20/10 | Vogel started working at Salem | |
| 2011 | | Vogel started working at Peabody |
| 12/15/11 | Vogel injured on the job at Salem | |
| 12/19/11 | Vogel returned to job; Salem fired her | Vogel continued to work at Peabody |
| 09/25/12 | Application for Workers Compensation Hearing | |
| 10/03/12 | | Vogel injured on the job at Peabody |
| 10/23/12 | | Dr. Matthew Henry, neurosurgeon, ordered MRI |
| 10/31/12 | | Dr. Henry recommended surgery |
| 02/26/13 | | Application for Workers Compensation Hearing |
| 06/05/13 | | ALJ Order: Peabody to pay Dr. Alan Moskowitz' bills |
| 06 or 07/13 | | Vogel returned to job at Peabody |
| 08/07/13 | | Epidural steroid injection by Dr. Moskowitz |
| 08/30/13 | Application for Preliminary Hearing | |

| | | |
|---|---|---|
| 11/06/13 | ALJ Order for IME (Dr. Joseph Sankoorikal)<br><br>ALJ Order: Salem to pay Dr. Don Hodson's bills | ALJ Order: Peabody to pay Dr. Moskowitz' bills |
| 11/19/13 | | Dr. Douglas Burton, new treating physician, submitted letter of medical evaluation and attributed Vogel's injury to accident at Salem |
| 01/13/14 | Independent medical examination (IME) report by Dr. Sankoorikal | |
| 01/15/14 | ALJ Order: Salem to pay Dr. Sankoorikal's bills | |
| 02/14/14 | ALJ Order: Salem to pay Dr. Burton's bills, including upcoming lower back surgery | |
| 05/12/14 | | Dr. Burton performed surgery |
| 05/12/14 | ALJ: cases consolidated for taking evidence | |
| 03/31/15 | Vogel returned to Peabody | |
| 04/15/15 | Dr. Burton: Vogel at maximal medical improvement (light duty) | |
| 05/31/15 | Vogel got laid off—no light-duty jobs | |
| 07/22/15 | Dr. Burton: 10% whole body impairment caused by accident at Salem | |
| 09/17/15 | Vogel got new light-duty job at Westview Manor | |
| 11/03/15 | Application for Preliminary Hearing by Vogel in both cases | |
| 01/07/16 | ALJ posthearing order:<br>Postsurgery IME necessary<br>Salem to pay for socks<br>Treating doctor for future pain and physical therapy was needed<br>All future bills for treatment to be paid by Peabody<br>IME cost to be split by Salem and Peabody | |
| 01/13/16 | Dr. P. Brent Koprivica appointed as IME | |
| 09/12/16 | Vogel's motion for extension of time to conduct final hearing in both cases | |
| 09/16/16 | Dr. Koprivica (IME Report): Impairment caused by accident at Peabody | |
| 09/22/16 | Salem motion for reconsideration of 02/14/15 order and for reimbursement | |
| 09/23/16 | Salem Application for Dismissal | |

| | | |
|---|---|---|
| 09/23/16 | | Peabody's Motion to Dismiss |
| 01/03/17 | Salem's Motion to Dismiss granted | Peabody's Motion to Dismiss granted |
| 01/04/17 | Order denying Salem's Motion for Reconsideration and Reimbursement | |
| 01/05/17 | Vogel's application for review by Board | |
| 01/05/17 | Salem's Motion to Reconsider order denying reconsideration and reimbursement | |
| 01/09/17 | Order denying Salem's Motion to Reconsider order denying reconsideration and reimbursement | |
| 01/09/17 | Salem's application for review by Board | |
| 03/24/17 | Board vacated ALJ's Order denying Salem's Motion for Reconsideration and Reimbursement, remanding to ALJ with directions to address the merits of motion | |
| 03/27/17 | | ALJ approved Vogel/Peabody settlement |
| 03/28/17 | Board affirmed dismissal of Vogel's claim. Board modified ALJ's order by dismissing Vogel's claim against only Peabody, leaving all other issues between Peabody and Salem open, including allegation by Salem in its case that Vogel's accident at Salem was not the prevailing factor causing her to need for surgery. | |

ANALYSIS

Peabody presents two issues on appeal, both related to whether the Board had subject matter jurisdiction to enter its March 28, 2017 order. Subject matter jurisdiction is the power of a court or agency to hear and decide a case. See *Grajeda v. Aramark Corp.*, 35 Kan. App. 2d 598, 603, 132 P.3d 966 (2006). Pursuant to K.S.A. 2016 Supp. 44-556(a), this court reviews a final order of the Board under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. Under the KJRA, the court must review whether the Board "has acted beyond the jurisdiction conferred by any provision of law." K.S.A. 2016 Supp. 77-621(c)(2). Whether jurisdiction exists is a question of law over which this

4

court's scope of review is unlimited. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013).

On appeal, Peabody argues the settlement agreement approved by the ALJ on March 27, 2017, terminated the case, which in turn deprived the Board of jurisdiction to enter any orders in the case. Even if the case had not been terminated, Peabody argues the Board did not have jurisdiction to modify the ALJ's order of dismissal to retain jurisdiction over Peabody so as to permit an ALJ in a separately docketed case to determine whether Salem is entitled to reimbursement for medical costs it paid on Vogel's behalf. We address each of Peabody's jurisdictional issues in turn.

*The March 27, 2017 settlement*

Once an injured worker files an Application for Hearing under K.S.A. 44-534 and dockets a workers compensation claim, the applicable regulations provide only five ways to terminate the case:

> "Compensable cases shall be determined and terminated by only five procedures under the act:
> (a) By filing a final receipt and release of liability pursuant to K.S.A. 44-527 and amendments thereto;
> (b) by hearing and written award;
> (c) by joint petition and stipulation subject to K.A.R. 51-3-16;
> (d) by settlement hearing before an administrative law judge; or
> (e) by voluntary dismissal by the parties. K.A.R. 51-3-1.

Until one of these events occur, a claim remains open and the Kansas Division of Workers Compensation maintains jurisdiction over it.

In this case, the ALJ dismissed Vogel's claim against Peabody and Vogel filed an application for review of the dismissal. While the appeal was pending, the parties agreed to settle Vogel's claim against Peabody. On March 27, 2017, ALJ John Nodgaard conducted a settlement hearing. At the hearing, the parties confirmed that they had agreed to settle Vogel's claim on a full, final, and complete basis. The ALJ ultimately entered a written order approving the settlement after the following colloquy:

> "THE COURT: Then knowing that you are giving up [your rights under the Workers Compensation Act and KJRA], do you still want this settlement approved?
> "THE CLAIMANT: Yes, I do.
> "THE COURT: Lastly, Ms. Vogel, do you believe it's in your best interest to conclude this matter under the terms that we have discussed this morning?
> "THE CLAIMANT: Yes.
> . . . .
> "THE COURT: You understand if I approve this settlement, this claim against Peabody Care Center and its insurance carrier will be over and done with forever?
> "THE CLAIMANT: Yep, I understand.
> "THE COURT: Do you want me to approve it?
> "THE CLAIMANT: Yes.
> "THE COURT: Then after reviewing the Worksheet for Settlement, hearing statements of counsel and testimony from the claimant, the Court will find the proposed settlement is fair, just and reasonable, will avoid undue expense and litigation, is in claimant's best interest and will approve the same. And I will order Peabody Care Center and its insurance carrier to pay to the claimant $50,000 for a full, final and complete settlement of all claims arising out of this injury. And upon the payment of said sum, it will constitute a full redemption in accord with K.S.A. 44-531."

Based on the facts set forth above, we find this case terminated on March 27, 2017, by settlement hearing before an ALJ as specifically provided by K.A.R. 51-3-1. Because the case terminated on March 27, 2017, the Board did not have jurisdiction to enter any orders in the case after that date and any orders that were entered must be vacated.

6

*The Board's modification of the ALJ's dismissal*

But even if the case had not been terminated by way of the settlement, we still find that the Board's order must be partially vacated. The ALJ dismissed Vogel's claim against Peabody and Vogel's claim against Salem on the same day. The ALJ also issued an order on that day denying Salem's request for the ALJ (1) to reconsider its February 14, 2014 order directing Salem to pay Dr. Burton's bills for Vogel's back surgery and (2) to direct Salem be reimbursed for the payments made by Salem pursuant to that order.

Vogel filed an application for review of the dismissal in both cases. In its case, Salem filed an application for review of the ALJ's decision to deny its request for reconsideration and reimbursement. While these appeals were pending, Vogel and Peabody agreed to settle the pending claims in its case. As noted above, Vogel's case against Peabody was terminated by settlement hearing before an ALJ, which was held on March 27, 2017.

On March 28, 2017, the Board issued three decisions in the two cases. In the Salem case, the Board reversed the ALJ's decision to deny Salem's request for reconsideration and reimbursement. The Board remanded that matter to the ALJ "with instructions to determine if claimant's December 15, 2011, accident was the prevailing factor causing claimant's need for medical treatment by Dr. Burton and Salem's associated requests."

The other two decisions were identical orders entered in each case with regard to Vogel's separate motions for review of the ALJ's dismissal. A majority of the Board affirmed the ALJ's dismissal of Vogel's claims in both cases based on her failure to meet the time limits under K.S.A. 2016 Supp. 44-523(f)(1). Significant to the issue presented by Peabody on appeal here, however, the majority also modified the ALJ's order dismissing the two separate cases in their entirety

7

"by dismissing only claimant's claim against respondent. All other issues between Peabody Care Center (and its insurance carrier) and Salem Home (and its insurance carrier) remain open, including Salem Home's allegation . . . that claimant's December 15, 2011, accident was not the prevailing factor causing her need for surgery."

It appears the Board's decision to retain jurisdiction over Peabody in the Peabody case was based on its decision in the separately docketed Salem case to grant Salem's motion for reconsideration and remand the Salem case to the ALJ for a decision as to whether Vogel's December 15, 2011 accident was the prevailing factor causing her need for surgery.

Peabody filed a timely petition for review with this court, challenging the Board's jurisdiction in the Peabody case to dismiss Vogel's claim against Peabody but to retain jurisdiction over Peabody for purposes of resolving an issue in the separately filed Salem case on remand. In support of its challenge, Peabody argues the Board's March 28, 2017 order affirming the ALJ's decision to dismiss disposed of any and all justiciable issues or controversies between Vogel and Peabody, which means the Board could not retain jurisdiction over Peabody as a litigant regardless of the issues on remand in the separately filed Salem case. We agree.

The judicial power granted by the Kansas Constitution is limited to actual cases or controversies. *KNEA v. State*, 305 Kan. 739, 743, 387 P.3d 795 (2017). A justiciable controversy has definite and concrete issues between the parties and adverse legal interests that are immediate, real, and amenable to conclusive relief. *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, Syl. ¶ 6, 359 P.3d 33 (2015). In this case, the Board's decision to affirm the ALJ's order dismissing Vogel's case against Peabody resolved every justiciable issue between Vogel and Peabody.

8

With that said, we readily acknowledge that there still may be a justiciable controversy between Salem and Peabody at this point. But Salem is not a party to this case. And even if Salem was a party to this case, Kansas courts generally prefer a dispute among employers regarding proper allocation for payment of an award be resolved outside the workers compensation process. See *Mitchell v. Petsmart, Inc.*, 291 Kan. 153, 174, 239 P.3d 51 (2010) ("[I]nsurance carriers should not litigate disputes about their respective liabilities for the compensation awarded to an injured worker in the compensation proceedings. Instead, these matters should be decided in separate proceedings between the carriers brought for such purposes and outside the Board's jurisdiction."); *American States Ins. Co. v. Hanover Ins. Co.*, 14 Kan. App. 2d 492, 498, 794 P.2d 662 (1990) (when employee's interests are no longer at issue, employers and insurance companies may not litigate their respective liability in workers compensation process unless specifically allowed by statute); *Kuhn v. Grant County*, 201 Kan. 163, Syl. ¶¶ 3-5, 439 P.2d 155 (1968) (discussing hardship that may confront claimant when insurance carriers litigate claims and equities existing between themselves during injured worker's compensation process).

After the Board dismissed Vogel's claim against Peabody, any and all justiciable controversies in this case disappeared. In the absence of a justiciable controversy, the Board erred in modifying the ALJ's dismissal to dismiss Vogel from the case but to leave Peabody as a litigant so that an ALJ in a separately docketed case could later determine on remand whether Salem is entitled to reimbursement from Peabody for medical costs it paid on Vogel's behalf. Accordingly, that part of the Board's order directing that "[a]ll other issues between Peabody Care Center (and its insurance carrier) and Salem Home (and its insurance carrier) remain open, including Salem Home's allegation . . . that claimant's December 15, 2011, accident was not the prevailing factor causing her need for surgery" is vacated and the case is dismissed in its entirety.

Vacated in part and appeal dismissed.